UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IMATION CORPORATION | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| TANDON DIGITAL PRODUCTS, INC. AND MONSTER PRODUCTS, INC. | **JURY TRIAL REQUESTED** |
| Defendants. | |

## COMPLAINT

Plaintiff Imation Corporation ("Imation"), for its Complaint for patent infringement against Monster Products, Inc. ("Monster") and its licensee Tandon Digital Products, Inc. ("Tandon "), alleges as follows.

## THE PARTIES

1. Imation is a corporation organized under the laws of the state of Minnesota, with its principal place of business at 1 Imation Way, Oakdale, MN 55126.

2. On information and belief, Monster is a Delaware corporation with a registered agent located at 16192 Coastal Highway, Lewes, DE 19958.

3. On information and belief, Tandon is a Delaware corporation with a registered agent located at 2711 Centerville Road, Suite 400, Wilmington DE 19808. On information and belief, Tandon is the official licensee of Monster and sells products under the "Monster Digital" brand and logo.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code Section 1 *et. seq*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Monster because Monster conducts substantial and continuous business in this judicial district. Monster itself, or through its licensee Tandon sells its products in retail locations throughout Minnesota. Monster itself, or through its licensee Tandon also offers products for sale in Minnesota through the internet that Imation alleges infringe Imation's patents. This Court has specific jurisdiction over Monster because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Monster would not offend traditional notions of fair play and justice.

7. This Court has personal jurisdiction over Tandon because Tandon conducts substantial and continuous business in this judicial district. Tandon sells its products in retail locations throughout Minnesota under the "Monster Digital" name and logo as Monster's official licensee. Tandon also offers products for sale in Minnesota through the internet that Imation alleges infringe Imation's patents. This Court has specific jurisdiction over Tandon because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Tandon would not offend traditional notions of fair play and justice.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Monster and Tandon conduct business in this District and the acts giving rise to the claims asserted therein occurred in this District.

## IMATION AND THE PATENTS-IN-SUIT

9.      Imation was founded in 1996.  Since Imation began, Imation's business has centered around technological innovation.  Imation develops new technology and patents it.  Imation has been developing technology related to USB flash drives since at least as early as the early 2000s.

10.     On June 21, 2005, the United States Patent and Trademark Office (the "PTO") issued Patent No. 6,908,038 (the "'038 Patent"), entitled, "Multi-Connector Memory Card with Retractable Sheath to Protect the Connectors," to Trung V. Le.  A true and correct copy of the '038 Patent is attached hereto as **Exhibit A**.

11.     On May 19, 2009, the PTO issued Patent No. 7,535,718 (the "'718 Patent"), entitled, "Memory Card Compatible with Multiple Connector Standards," to Trung V. Le.  A true and correct copy of the '718 Patent is attached hereto as **Exhibit B**.

12.     On January 27, 2009, the PTO issued Patent No. 7,481,659 (the "'659 Patent"), entitled, "Multiconnector Memory Card," to Gregory H. Johnson and Daniel C. Egan.  A true and correct copy of the '659 Patent is attached hereto as **Exhibit C**.

13.     Imation is the owner by assignment of all rights, title and interest to and in the '038 Patent, the '718 Patent and the '659 Patent.

## COUNT I
### (INFRINGEMENT OF THE '038 PATENT)

14. Imation realleges and incorporates herein the allegations set forth in Paragraphs 1-13.

15. Monster and Tandon have directly infringed at least claim 1 of the '038 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and without authority products that infringe such claims, including the Monster Digital Mobile USB Advanced 2 Connector product (the "Infringing Product").

16. Monster and Tandon have also and continue to indirectly infringe at least claim 1 of the '038 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of the Infringing Product in this judicial district and elsewhere in the United States.  Specifically, Imation alleges that Monster and Tandon have actively induced and continue to induce the infringement of at least claim 1 of the '038 Patent by actively inducing the use of the Infringing Product by third party users in the United States.  Imation alleges that when Monster and Tandon offered for sale or sold the Infringing Product, they knew or should have known that their conduct would induce others to infringe claim 1 of the '038 Patent by using it.  Imation alleges that third parties have infringed and will continue to infringe the '038 Patent in violation of 35 U.S.C. 271(a) by using the Infringing Product.

17. Monster and Tandon have also contributorily infringed at least claim 1 of the '038 Patent by providing to third parties within the United States infringing devices

4

that are not staple articles of commerce suitable for substantial non-infringing uses. Imation believes that these third parties have infringed and will infringe the '038 Patent in violation of 35 U.S.C. 271(a).

18.   Imation has suffered damages as a result of Monster's and Tandon's infringement of the '038 Patent.  In addition, Imation will continue to suffer irreparable harm unless this Court enjoins Monster and Tandon from infringing the '038 Patent.

## COUNT II
(INFRINGEMENT OF THE '718 PATENT)

19.   Imation realleges and incorporates herein the allegations set forth in Paragraphs 1-18.

20.   Monster and Tandon have infringed at least claim 1 of the '718 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and without authority products that infringe such claims, including the Infringing Product.

21.   Monster and Tandon have also and continue to indirectly infringe at least claim 1 of the '718 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of the Infringing Product in this judicial district and elsewhere in the United States.  Specifically, Imation alleges that Monster and Tandon have actively induced and continue to induce the infringement of at least claim 1 of the '718 Patent by actively inducing the use of the Infringing Product by third party users in the United States.  Imation alleges that when Monster and Tandon offered for sale or sold the Infringing Product, they knew or should have known that their

conduct would induce others to infringe claim 1 of the '718 Patent by using it. Imation alleges that third parties have infringed and will continue to infringe the '718 Patent in violation of 35 U.S.C. 271(a) by using the Infringing Product.

22. Monster and Tandon have also contributorily infringed at least claim 1 of the '718 Patent by providing to third parties within the United States infringing devices that are not staple articles of commerce suitable for substantial non-infringing uses. Imation believes that these third parties have infringed and will infringe the '718 Patent in violation of 35 U.S.C. 271(a).

23. Imation has suffered damages as a result of Monster's and Tandon's infringement of the '718 Patent. In addition, Imation will continue to suffer irreparable harm unless this Court enjoins Monster and Tandon from infringing the '718 Patent.

### COUNT III
(INFRINGEMENT OF THE '659 PATENT)

24. Imation realleges and incorporates herein the allegations set forth in Paragraphs 1-23.

25. Monster and Tandon have infringed at least claim 1 of the '659 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and without authority products that infringe such claims, including the Infringing Product.

26. Monster and Tandon have also and continue to indirectly infringe at least claim 1 of the '659 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of the Infringing Product in this

judicial district and elsewhere in the United States. Specifically, Imation alleges that Monster and Tandon have actively induced and continue to induce the infringement of at least claim 1 of the '659 Patent by actively inducing the use of the Infringing Product by third party users in the United States. Imation alleges that when Monster and Tandon offered for sale or sold the Infringing Product, they knew or should have known that their conduct would induce others to infringe claim 1 of the '659 Patent by using it. Imation alleges that third parties have infringed and will continue to infringe the '659 Patent in violation of 35 U.S.C. 271(a) by using the Infringing Product.

27. Monster and Tandon have also contributorily infringed at least claim 1 of the '659 Patent by providing to third parties within the United States infringing devices that are not staple articles of commerce suitable for substantial non-infringing uses. Imation believes that these third parties have infringed and will infringe the '659 Patent in violation of 35 U.S.C. 271(a).

28. Imation has suffered damages as a result of Monster's and Tandon's infringement of the '659 Patent. In addition, Imation will continue to suffer irreparable harm unless this Court enjoins Monster and Tandon from infringing the '659 Patent.

## PRAYER FOR RELIEF

For the above reasons, Imation respectfully requests that this Court grant the following relief in its favor and against Monster and Tandon:

a. A judgment in favor of Imation that Monster and Tandon have infringed (either literally or under the doctrine of equivalents) one or more claims of the '038 Patent, the '718 Patent and the '659 Patent;

b. A permanent injunction enjoining Monster and Tandon and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '038 Patent, the '718 Patent and the '659 Patent;

c. A judgment and order requiring Monster and Tandon to pay to Imation its damages, costs, expenses, and pre-judgment and post-judgment interest for Monster's and Tandon's infringement of the '038 Patent, the '718 Patent and the '659 Patent; and

d. Any and all such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Imation demands a trial by jury of this action.

Dated:  August 29, 2014                         WINTHROP & WEINSTINE, P.A.

By *s/Michelle E. Dawson*_____
Devan V. Padmanabhan #0240126
Michelle E. Dawson #0388610
WINTHROP & WEINSTINE
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone:  (612) 604-6400
Facsimile:  (612) 604-6800
dpadmanabhan@winthrop.com
mdawson@winthrop.com

Attorneys for Plaintiff Imation Corporation

9452858v1